### 9632

#### SOUTH CAROLINA INS. CO. v. COOK *ET AL.*

#### MOORMAN v. BLACK & COULTER CO.

##### (91 S. E. 728.)

MORTGAGES—ASSIGNMENT TO MORTGAGOR—MERGER.—Where one while having legal ownership of land took bare legal title by assignment of an incumbrance on the land, evidenced by bond, mortgage, and note, for the sole purpose of reassigning, and without delivery or right to possession of the papers except by paying the obligation due the bank to whom he assigned, there was no merger, and the obligation of the mortgage was not extinguished.

Before SMITH, J., Columbia, September, 1916. Reversed.

Consolidated actions by Robert Moorman, junior mortgagee, against the Black & Coulter Company and others, and by the South Carolina Insurance Company against Henry K. Cook, Robert Moorman and others. From a decree adjudging the liens of the various parties, defendant, Union National Bank, appeals.

*Messrs. Barron, McKay, Frierson & Moffatt,* for appellant, cite: *As to merger:* 2 Pom. Eq. Juris., pars. 790, 791; 24 S. C. 23. *Absolute ownership:* 1 Words & Phrases 41; 7 Barb. 590, 597; 77 N. Y. Suppl. 1025; 75 App. Div. 207. *Transitory seizin:* 4 Kent Com. 37; 1 Jones Mortgages, sec. 464; 36 Pa. St. 247; 78 Am. Dec. 375; 7 S. D. 465; 33

---

FOOTNOTE.—As to merger of mortgage with estate, see notes 39 L. R. A. (N. S.) 834 to 843.

Tex. 33.  *Equitable assignment by subrogation:* 3 Pom. Eq.
Juris., secs. 1211 and 1212; 35 Cent. Dig., pp. 1578, 1583;
27 Cyc. 1332; Jones Mortgages, sec. 869.  *Cases distin-
guished:* 31 S. C. 398; 67 S. C. 107, 108.  *Merger:* 9 Wis.
466; 99 Am. St. Rep. 158, 159, 160; 54 Neb. 712; 34 N. Y.
320; 39 L. R. A. 841; 35 Cyc. 1413; Jones Mortgages, secs.
870, 865; 29 Pa. St. 260; 72 Am. Dec. 629.  *Not favored:*
64 S. C. 193; 57 S. C. 187; 47 S. C. 305; 68 S. C. 102.

*Mr. E. W. Mullins,* for respondent, cites: *As to merger:*
2 Pom. Eq. Juris., sec. 797; 31 S. C. 398; 67 S. C. 94; 12
Cush. 227; 71 Ga. 372; 206 Ill. 159; 72 Iowa 329; 66 Fed.
133.

March 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

The case is stated thus: This action was originally com-
menced by Robert Moorman July 12, 1915, for the fore-
closure of a junior mortgage on certain property located on
Hampton street, in the city of Columbia.  The South Caro-
lina Insurance Company subsequently (July, 1915) com-
menced an action to foreclose the first mortgage on the
same premises, and the two actions were consolidated under
an order of Court.  Several subsequent and prior mort-
gagees were made parties to these actions, and they all
answered, setting up their respective mortgages.  The
defendant, the Union National Bank of Columbia, was made
a party defendant, being the alleged owner and holder of a
bond executed by Robert Moorman, Henry W. Fair, R. B.
Herbert, and T. Hugh Meighan (the latter being represented
in said action by his executrices) to Henry T. Bouchier in
the sum of $1,000, and secured by a mortgage executed by
Robert Moorman to Henry T. Bouchier, the said Robert
Moorman holding the legal title to said premises for the
benefit of himself and the said Henry W. Fair, R. B. Her-

bert and T. Hugh Meighan. The said bank filed its answer setting up said mortgage indebtedness, and setting up further that it became the owner of it by purchase under a power of sale contained in a certain collateral note of Henry K. Cook to the said bank, which said answer is hereinafter set out. The defendants, R. B. Herbert, Robert Moorman, Henry W. Fair, the executrices of the estate of T. Hugh Meighan, and W. J. Conway, by their attorneys, filed their answers, setting up that the mortgage indebtedness represented by the said bond and mortgage held by the Union National Bank of Columbia had been paid and the lien thereof extinguished. The case was referred to A. D. McFaddin, master, who made his report, setting up the amount and the priorities of the various liens on said premises. By this report, under agreement of counsel, the question of the payment and the extinguishment of the said mortgage indebtedness was reserved for future determination by the Court of Common Pleas. On this report of the master a decree for foreclosure and a sale was signed by the presiding Judge. The Court in this decree determined the amount due the various parties upon the several bonds and mortgages set out in the master's report, with the exception of the bond and mortgage of Robert Moorman to Henry T. Bouchier, ordered the land in question sold, and directed that the net proceeds of the sale be applied to the payment of the bond and mortgage of the South Carolina Insurance Company and that of August Kohn, and that the surplus, if any remains after such application, be held subject to the further order of this Court. In that decree the Court reserved for a later decision the question as to whether the said bond and mortgage owned by the Union National Bank of Columbia have, under the facts of the case, been paid and the lien of the same discharged as to the defendants, Robert Moorman, R. B. Herbert, Henry W. Fair, the estate of T. Hugh Meighan, and Washington J. Conway, who set up these defenses. Thereafter the question of the payment and extinguishment of

the mortgage indebtedness was argued in open Court before Judge Mendel L. Smith, who decided that the defense set up by the defendants, Robert Moorman, R. B. Herbert, Henry W. Fair, the executrices of the estate of T. Hugh Meighan, and Washington J. Conway as to said mortgage should be sustained, and adjudged that as to the said defendants the said mortgage indebtedness had been extinguished and discharged. Decree dated September 20, 1916.

From the decree of Judge Smith, appellants duly appeal, and by seven exceptions impute error on the part of his Honor in his findings and decree, and ask reversal.

It is not necessary to take the exceptions separately. They challenge the correctness of Judge Smith's holding that the arrangement made between Lillard, Cook, and Norwood, Norwood being the president of the defendant-appellant, the Union National Bank, constituted a payment of the mortgage indebtedness and an extinguishment of the lien of the mortgage as to Moorman, Herbert, Fair, and the estate of Meighan, that there was of necessity a loan by the bank to Cook for the purpose of paying the indebtedness of Cook to Lillard represented by the bond and mortgage, the payment of which Cook had assumed, an assignment from the bank to Lillard and from Lillard to Cook and from Cook back to the bank, and that under the arrangement as shown by the evidence such of necessity merits legal effect, and consequently a merger took place.

There is not and cannot be any dispute as to the testimony, as the only testimony on this point is that of the witnesses introduced by the defendant-appellant, the Union National Bank, Lillard, Cook, and Norwood. So we have undisputed facts, and the only question then is the construction of the testimony and what was the legal effect of this arrangement. Was Cook at any time the owner of the bond and mortgage to such an extent as to become absolutely entitled to have had the same extinguished and satisfied? Was he at any time in possession of the same so he could

have gone to the clerk's office and had it marked satisfied on the record? Or was he at any time in possession of the bond and mortgage so that he could have treated it absolutely as his own and done as he pleased with it by destroying it, assigning it to another, or exercising full, absolute ownership over it as his own property in his own right? Was he ever in possession actually of the property at any time? Was he in a position to dispose of it without the consent of the bank and Lillard? All of the facts and circumstances in the case negative the idea that he ever was in possession of the same other than constructively in his possession. The distinct understanding between Cook, Lillard and the bank was it was to be retained by the bank as a security. It never was understood or contemplated by the parties that the mortgage was to be extinguished. Cook never acquired title to the bond and mortgage to such an extent that the legal effect was such that a merger took place. All of the facts and circumstances of the case rebut and overcome the presumption that a merger took place. If Cook had unquestionably become the owner in fee of the bond and mortgage and been absolutely entitled to it in his own right to do as he pleased with it, then under these conditions it would have been a merger, and the lien would have ceased to exist. If there had been no understanding between Cook, Lillard and the bank of an intention to prevent a merger, the merger would have followed as a matter of law, but the intention and understanding of the parties and their intention was there was to be no merger. No other inference can be drawn from what took place between Cook, Lillard and the bank than an intention was expressed and implied that there was to be no merger, and the presumption of merger that arises in such cases is completely overcome and rebutted by a proper construction of the evidence in the case.

The evidence rebuts the idea that Cook, while having the legal ownership of the land, ever became the absolute owner of the incumbrance to such an extent as vested in him both

title to land and ownership of the incumbrance so as to bring about the intention which governs merger in equity. The intention of the parties as expressed by them and their acts controls, and they intended the bond and mortgage to remain open for the purpose of protecting the bank's claim. This was the arrangement and intention of the parties testified to by them and uncontradicted. Cook at one time was in possession of the papers or in control of them in such a sense as made him absolute owner. He had only a transitory, naked, temporary interest for a moment for the purpose of passing the title to the bank. He was the owner for the moment simply for the specific purpose of transferring them to the bank. He never was in possession of them as absolute owner. He never acquired any right of possession to them except for the one specific purpose of assigning them to the bank. He never was in possession of them as absowith full power and authority to dispose of it or use it according to his pleasure. There is nothing in the case that warrants the Court in holding that payment by Cook could be assumed or that the doctrine of merger could apply. The holding of title in Cook for an instant only for the sole purpose of reassigning to the bank was not of such a nature under the facts of the case as warrants the application of the doctrine of merger. The bank neither surrendered the paper nor parted with the possession of the same and at no time lost its title to them. There never was a delivery to Cook. They were simply passed to him to have him indorse his signature thereon without delivery to him of the papers by the bank, and he could at no time have gotten possession of them except by settling with the bank what was due thereon. The papers never were in his possession, except constructively for the sole and only purpose of assigning them to the bank. The bank at all times retained the actual possession. The conclusion is that under no view of the case did Cook ever acquire anything more than a bare legal title to the bond and mortgage and in no sense ever became

the owner of them, and that the Circuit Court was in error in holding that the indebtedness represented by the bond and mortgage had been merged and extinguished.

The exceptions are sustained, and judgment reversed.

Reversed.